**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER ELLIS,

                              Plaintiff,

      - v -                                          Civ. No. 9:17-CV-577
                                                            (BKS/DJS)

RONALD REQUIRES, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

CHRISTOPHER ELLIS
Plaintiff, *Pro Se*
17-B-2522
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12821

BROOME COUNTY ATTORNEY'S OFFICE    ROBERT G. BEHNKE, ESQ.
Attorney for the Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902-1766

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

    This Order addresses a number of outstanding motions pending in this case.

**I. MOTIONS RELATED TO PRODUCTION OF VIDEO EVIDENCE**

    Defendants have a DVD containing certain video surveillance footage from inside the Broome County Jail that is relevant to this matter. *See* Dkt. No. 147. The Court

directed that Plaintiff be proved the opportunity to view the video. Dkt. No. 128. Defendants' counsel then attempted to arrange with the state correctional facility where Plaintiff was housed to have him view the video, but was advised that the facility would not accept the video from counsel. Dkt. No. 129. The Court has now forwarded the video to the facility with a direction that Plaintiff view the video. Dkt. No. 160. In light of the Court's order, Plaintiff's letter Motion for permission to view the video, Dkt. No. 132, is denied as moot.

Plaintiff also filed a Motion for Sanctions related to Defendants' alleged failure to provide him with access to the video. Dkt. No. 138. "Courts have broad discretion in deciding whether to impose discovery sanctions." *Verna v. U.S. Bank Nat'l Ass'n*, 2016 WL 5107115, at *3 (N.D.N.Y. Sept. 20, 2016). A sanction may be imposed based on a party's failure to comply with a discovery order. FED. R. CIV. P. 37(b)(2). Defendants' response to the Motion indicates counsel attempted to arrange for Plaintiff to view the DVD and was advised that the correctional facility would not accept the video directly from him. Dkt. No. 139. Defense counsel appears to have engaged in a good faith effort to comply with the Court's direction and when his efforts to provide the DVD to Plaintiff were unsuccessful, he sought further guidance from the Court. *Id.* Under the circumstances, the Court finds no failure to comply with the Court's Order, let alone a willful one that would warrant the imposition of sanctions. The Motion for Sanctions, therefore, is denied.

## II. MOTIONS RELATED TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants have filed a Motion for Summary Judgment. Dkt. No. 144. In conjunction with that Motion, Defendants requested permission to file a Memorandum of Law in excess of the twenty-five page limit imposed by the Local Rules. Dkt. No. 142. That Motion is granted and the Memorandum of Law docketed by Defendants, Dkt. No. 144-37, is accepted for filing.

Plaintiff has filed two letters regarding his response to the Motion for Summary Judgment. First, he seeks an extension of time to respond to the Motion. Dkt. Nos. 151 & 159. After previously being granted an extension, Plaintiff's currently deadline for a response is April 13, 2020. Dkt. No. 149. The Court grants Plaintiff an additional **FINAL** extension of time to respond to the Motion until June 15, 2020.

Finally, Plaintiff filed a letter-request advising the Court that he had sent material he needs to respond to the pending Motion for Summary Judgment to an attorney, apparently to seek legal representation, but is now having difficulty contacting the attorney to arrange for the return of his documents. Dkt. No. 154. Plaintiff seeks to have the Court contact the attorney regarding the return of Plaintiff's documents or, in the alternative, to have the Court provide Plaintiff with copies of discovery material Plaintiff previously filed with the Court. *Id.* That Motion is granted in part and denied in part. The Court will not endeavor to contact an attorney Plaintiff may have communicated with on Plaintiff's behalf. In light of Plaintiff's *pro se* status, however, and the particular

3

circumstances of this case, the Court does direct the Clerk to provide Plaintiff, along with this Order, the discovery material Plaintiff previously filed with the Court at Docket No. 130. Providing Plaintiff this material will enable him to comply with the final extension of time to respond to the Motion for Summary Judgment.

**IT IS SO ORDERED**.

Date: April 24, 2020
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

4