**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER ELLIS,

                              Plaintiff,

        - v -                                            Civ. No. 9:17-CV-577
                                                                 (BKS/DJS)

RONALD RIQUIER, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

CHRISTOPHER ELLIS
Plaintiff, *Pro Se*
17-B-2522
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12821

BROOME COUNTY ATTORNEY'S OFFICE    ROBERT G. BEHNKE, ESQ.
Attorney for the Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902-1766

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Broome County Correctional Facility ("BCCF"). The operative pleading in this case, Plaintiff's Third Amended Complaint, Dkt. No. 63, Third Am. Compl., alleges the following causes of action:

1) Eighth Amendment cruel and unusual punishment for requiring Plaintiff to shower while shackled, Third Am. Compl. at p. 16;

2) Eighth Amendment excessive force and denial of medical care, *id.* at pp. 16-17 & 18;

3) First Amendment retaliation, *id.* at pp. 17 & 20;

4) Due process regarding disciplinary action, *id.* at p. 18;

5) Denial of recreation, *id.* at p. 19; and

6) Denial of access to the law library. *Id.*[1]

Twelve named employees of BCCF are Defendants in this action.[2] Those Defendants now move for summary judgment pursuant to FED. R. CIV. P. 56 dismissing the Third Amended Complaint in its entirety. Dkt. No. 144. Plaintiff opposes the Motion. Dkt. Nos. 152 & 164.[3] For the reasons set forth below, the Court recommends that the Motion for Summary Judgment be granted in part and denied in part.

## I.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant

---

[1] This claim has already been dismissed. Dkt. No. 62 at pp. 7-8.

[2] Several "John Doe" defendants were also named but have not been identified during the pendency of this litigation. The Court recommends that the John Does be terminated as parties based on Plaintiff's failure to identify them. *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010) ("Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice.").

[3] For ease of reference, Plaintiff's opposition papers will be cited by docket number throughout this Opinion.

2

is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he

3

trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. DISCUSSION

### A. Exhaustion under the Prison Litigation Reform Act

*1. The Grievance Process*

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

4

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

The record establishes that BCCF has an Inmate Grievance Process that was available to Plaintiff. *See generally* Dkt. No. 144-21, Borchardt Aff.; Dkt. No. 144-22, BCCF Inmate Handbook ("Inmate Handbook") at pp. 28-29. Under that process, if an inmate feels that he has "a legitimate grievance against the facility," he must first "[a]ttempt to get the issue resolved with the housing officer." Inmate Handbook at p. 28. Next, the inmate must request a grievance form from the grievance officer, complete the written grievance, and file the form within five business days. *Id.* at p. 29.[4] If the inmate is not satisfied with the response from the grievance officer, the inmate may appeal to the Corrections Facility Administrator. *Id.* If the inmate is not satisfied with the

---

[4] Matters related to inmate disciplinary proceedings are not grievable under this procedure and must be appealed under the rules established for disciplinary proceedings. Inmate Handbook at pp. 24 & 29.

response from the Corrections Facility Administrator, he or she may appeal to the State Commission on Correction.  *Id.*

### 2. Plaintiff's Failure to Fully Exhaust his Claims

As to a number of the claims brought in this action, there is no question that Plaintiff did not exhaust available administrative remedies.  Plaintiff filed a grievance, submitted on April 27, 2017, which relates solely to allegations concerning the alleged use of force on April 4, 2017.  Dkt. No. 144-24.  There were no grievances filed as to Plaintiff's claims regarding denial of medical treatment, retaliation, denial of recreation, and a use of force incident in May 2017.  Dkt. No. 152 at p. 1 (referring to just a single filed grievance).  These are all claims that must be exhausted under the PLRA.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life").  They are thus unexhausted and it is recommended that summary judgment as to those claims be granted.

Plaintiff's April 27th grievance was denied as untimely.  Dkt. No. 144-24.  This grievance failed to exhaust Plaintiff's available administrative remedies for two reasons.  First, "[a] grievance which is denied as untimely does not satisfy the PLRA's exhaustion requirements."  *Burrell v. Zurek*, 2019 WL 5197519, at *15 (N.D.N.Y. June 21, 2019), *report and recommendation adopted*, 2019 WL 4051596 (N.D.N.Y. Aug. 28, 2019); *see also Reeder v. Uhler*, 2019 WL 4686351, at *3 (N.D.N.Y. Sept. 26, 2019) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-94 (2006)).  Second, facility policy permits an inmate

6

to appeal an adverse grievance determination. Inmate Handbook at p. 29. Facility records indicate that Plaintiff filed no such appeal. Borchardt Aff. at ¶¶ 7-8; Dkt. No. 164 at p. 18. He thus failed to fully exhaust his administrative remedies within the facility.

Plaintiff also advances a due process claims based on disciplinary action taken against him. Such a claim should be exhausted by administratively appealing the disciplinary determination. *Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009); Inmate Handbook at p. 24. Plaintiff concedes he filed no appeal. Dkt. No. 152 at p. 6. His due process claims, therefore, are also not administratively exhausted.

Plaintiff's opposition alleges that he wrote numerous complaints to officials outside of the Broome County Correctional Facility, including the State Commission on Corrections and the Attorney General's Office. Dkt. No. 164 at pp. 11-12. "Generally, 'the law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.'" *Berman v. Durkin*, 2017 WL 1215814, at *7 (N.D.N.Y. Mar. 10, 2017), *report and recommendation adopted*, 2017 WL 1207834 (N.D.N.Y. Mar. 31, 2017) (quoting *Timmons v. Schriro*, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015)) (citing cases); *Salmon v. Bellinger*, 2016 WL 4411338, at *4 (N.D.N.Y. July 5, 2016), *report and recommendation adopted*, 2016 WL 4275733 (N.D.N.Y. Aug. 12, 2016) ("Letters sent outside of the grievance process . . . are insufficient to satisfy the exhaustion requirement")); *see also Macias v.*

7

*Zenk,* 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought, does not constitute 'proper exhaustion.'") (internal quotations, citations, and alterations omitted).  Those letters, therefore, did not exhaust Plaintiff's administrative remedies.

The Court, therefore, recommends finding that none of Plaintiff's claims have been exhausted.

*3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate.  *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  *Id.*  The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 1859-60. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*.  *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081

(N.D.N.Y. Feb. 19, 2019).

Plaintiff argues that his failure to exhaust should be excused as to the April 4th excessive force claim and his due process claim.[5] He alleges that he was prohibited from timely grieving the excessive force claim and from appealing the grievance or his disciplinary disposition by staff misconduct. He thus seeks to have his failure to exhaust excused under the third *Ross* exception.

Facility policy directs that an inmate seeking to file a grievance "may request a grievance form from the grievance officer." Inmate Handbook at p. 29. At the time of these events Defendant Borchardt was the grievance officer. Borchardt Aff. at ¶ 2. With respect to the April 4th excessive force claims, Plaintiff's opposition claims that he requested grievance forms as early as April 8, 2017, which would have been within the five day period for grieving an incident, but that BCCF officials refused to provide the forms to him. Dkt. No. 164-2 at ¶ 33; *see also* Third Am. Compl. at p. 21 (stating that Plaintiff requested grievances forms April 6th, 7th, and 8th), Dkt. No. 164-4 at pp. 31-32. Borchardt denies that Plaintiff requested grievance forms prior to April 25, 2017. Borchardt Aff. at ¶ 4. A jail official's refusal to provide an inmate with necessary forms to process a grievance may provide a basis for excusing exhaustion. *Henry v. Liberty*, 2016 WL 11480174, at *6 (N.D.N.Y. July 18, 2016), *report and recommendation adopted*, 2016 WL 5462825 (N.D.N.Y. Sept. 29, 2016). Whether that is what happened

---

[5] No such allegation is made with respect to Plaintiff's other claims.

in this case presents a credibility determination that cannot be resolved on this Motion. Summary judgment, therefore, is not appropriate as to this issue.

The Court reaches a different conclusion regarding Plaintiff's failure to appeal his disciplinary determinations. Plaintiff states he did not appeal those determinations because of prior assaults which scared him away from filing appeals. Dkt. No. 164 at pp. 18-19. "Specific threats of retaliation or intimidation by prison employees can render administrative remedies unavailable." *Thompson v. Kelly*, 2019 WL 2374119, at *4 (N.D.N.Y. Apr. 4, 2019), *report & recommendation adopted.*, 2019 WL 2371607 (N.D.N.Y. June 5, 2019) (citing *Ross v. Blake*, 136 S. Ct. at 1860, n.3). Plaintiff, however, offers nothing more than a conclusory allegation that he feared some form of retaliation if he appealed these determinations. He does not allege that any staff at BCCF threatened him with harm if he appealed those determinations. A mere "generalized fear of retaliation" is insufficient to excuse a failure to exhaust. *Davis v. Doe*, 2017 WL 8640829, at *4 (N.D.N.Y. Dec. 29, 2017), *report & recommendation adopted*, 2018 WL 1582230 (N.D.N.Y. Mar. 27, 2018); *see Thompson v. Kelly*, 2019 WL 2374119, at *4; *Brown v. Napoli*, 687 F. Supp. 2d 295, 297 (W.D.N.Y. 2009) ("[P]laintiff's mere allegation of a generalized fear of retaliation is insufficient to excuse his failure to file a grievance concerning these matters.").

Accordingly, the Court recommends finding that Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies

under the PLRA regarding the denial of recreation, and medical care, the alleged denial of due process, the alleged retaliation, and an alleged use of excessive force in May 2017. The Court, however, concludes that questions of fact preclude summary judgment on the question of whether individuals interfered with Plaintiff's ability to grieve the assault alleged to have taken place on April 4, 2017. As to that claim alone, the Court recommends holding an exhaustion hearing, *see Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011), since for the reasons set forth below summary judgment is also inappropriate as to the merits of that claim.

### B. Plaintiff's April 4th Excessive Force Claim

On the merits, the Court recommends that summary judgment be denied as to the April 4th incident. "Excessive force claims frequently involve factual disputes that make them difficult to resolve pursuant to summary judgment." *Savage v. Acquino*, 2018 WL 1478254, at *7 (W.D.N.Y. Mar. 23, 2018). This case is no different as the parties present drastically different factual pictures.

At the time of the alleged assault, Plaintiff was a pretrial detainee, Dkt. No. 164-2 at p. 1, and so Plaintiff's excessive force claim arises under the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 21 (2d Cir. 2017). In *Kingsley v. Hendrickson*, the Supreme Court addressed the proper standard for evaluating excessive force claims brought under the Fourteenth Amendment by a pretrial detainee and concluded that "courts must use an objective standard" under which the plaintiff "must show only that

11

the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015).   As a result "*Kingsley* provides the appropriate standard for all excessive force claims brought under the Fourteenth Amendment."  *Id.*  Assessing the objective reasonableness of any use of force necessarily depends on the facts and circumstances of each case, but relevant factors include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 135 S. Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Thus, a pretrial detainee can make a showing if the force . . . is not rationally related to a legitimate governmental purpose or that it is excessive in relation to that purpose.'"  *Parson v. Barboza*, 2016 WL 7261550, at *5 (N.D.N.Y. June 28, 2016), *report and recommendation adopted*, 2016 WL 4398522 (N.D.N.Y. Aug. 18, 2016) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. at 2473).

      The Complaint alleges that on April 4th Defendants Riquier and Cackowski attacked Plaintiff, tackled him, and repeatedly punched him.   Third Am. Compl. at pp. 6-8.   He alleges injuries that required him to be transported to an outside hospital.  *Id.* at p. 8.   Plaintiff concedes that he was not entirely compliant with staff direction during this incident, but nonetheless claims that Defendants used an unreasonable amount of force.   Dkt. No. 164-2 at pp. 2-5.   He further alleges that while being escorted after the

12

initial incident he was further assaulted. *Id.* at p. 6. Defendants do not dispute that force was used against Plaintiff on the day in question. Instead, they assert that Plaintiff repeatedly failed to comply with staff instructions and resisted attempts by certain Defendants to return him to his cell which ultimately resulted in a reasonable use of force during which Plaintiff was physically restrained. *See generally* Dkt. No. 144-3, Cackowski Aff.; Dkt. No. 144-4, Riquier Aff. They deny, for example, how Plaintiff sustained certain injuries and that certain force, alleged by Plaintiff, was used. *See*, *e.g.*, Riquier Aff. at ¶¶ 5 & 8. At a minimum then, the parties dispute such relevant factors as the relationship between the need for the use of force and the amount of force used, the extent of Plaintiff's injury, the severity of the security problem at issue, the threat reasonably perceived by the officers, and whether Plaintiff was actively resisting. *See Kingsley v. Hendrickson*, 135 S. Ct. at 2473. This "presents quintessential fact questions that cannot be resolved on summary judgment." *McGinnis v. Crissell*, 2018 WL 4635707, at *4 (N.D.N.Y. Apr. 18, 2018), *report and recommendation adopted*, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018). For this reason, Defendants' Motion for Summary Judgment should be denied as to the April 4th excessive force claim.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 144) be **GRANTED in part and DENIED in part**; and it is further

**RECOMMENDED**, that the Third Amended Complaint be **DISMISSED** as to Plaintiff's claims alleging he was forced to shower in shackles, retaliation, the denial of recreation, , medical care, due process, and excessive force in May 2017; and it is further

**RECOMMENDED**, that an exhaustion hearing be held with respect to whether Plaintiff had available administrative remedies with respect to his April 4, 2017 excessive force claim; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 4, 2020
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).