**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER ELLIS,

                              Plaintiff,

    - v -                                        Civ. No. 9:17-CV-577
                                                          (BKS/DJS)

RONALD RIQUIER, *et al.*,

                              Defendants.

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |

CHRISTOPHER ELLIS
Plaintiff, *Pro Se*
17-B-2522
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12821

BROOME COUNTY ATTORNEY'S OFFICE    ROBERT G. BEHNKE, ESQ.
Attorney for the Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902-1766

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER

On August 14, 2019, a Suggestion of Death regarding Defendant Guinan was filed with the Court. Dkt. No. 116. Plaintiff initially agreed to dismiss claims against Guinan in light of his death. *See* Text Minute Entry for Oct. 31, 2019. Later, however, Plaintiff filed a letter indicating that he would not agree to dismissal of those claims. Dkt. No.

131.    There has been no application made to substitute any party for Defendant Guinan. Defendants filed a Motion under FED. R. CIV. P. 25 to dismiss all claims against Guinan in light of the lack of substitution.  Dkt. No. 133.  Plaintiff opposes the Motion.  Dkt. No. 134.

Federal Rule of Civil Procedure 25(a) provides for the substitution of a representative in the event a party dies.  FED. R. CIV. P. 25(a)(1).  The rule also provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*."  *Id.* (emphasis added). Well more than 90 days have elapsed since Guinan's death was noted on the record without any application to substitute a representative.  "If no motion is timely filed, dismissal is mandatory."  *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) (citing cases).

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25 (Dkt. No. 133) be **GRANTED** and all claims against Defendant Guinan be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and

2

which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 4, 2020
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).